

**SO ORDERED.**

**SIGNED this 08 day of March, 2013.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                                                       CASE NO.

APRIL STAR KNISH                                                               12-03153-8-SWH

       DEBTOR

ORDER

This matter came before the court on the trustee's notice of appeal, request for certification of the issue for direct appeal to the United States Court of Appeals for the Fourth Circuit, and the debtor's response in opposition to that request.

On February 4, 2013, John F. Logan, the Chapter 13 Standing Trustee for the Eastern District of North Carolina, Raleigh Division (the "trustee") filed a notice of appeal of this court's order issued on January 23, 2013, denying the trustee's motion to dismiss (the "Order Denying Motion to Dismiss"). In the Order Denying Motion to Dismiss, the court incorporated by reference the reasoning and ruling in In re Nicholas David Ballew, Case No. 12-04059-8-JRL, issued by the Honorable J. Rich Leonard on January 11, 2013. See In re Temple, 12-04049-8-SWH, 2013 WL 308971 (Bankr. E.D.N.C. Jan. 22, 2013).

In the case presently before the court, the trustee filed an objection to confirmation and motion to dismiss on the grounds that "the proposed plan [did] not pay an amount necessary during

the applicable commitment period to comply with *Hamilton v. Lanning*." The trustee filed similar objections to confirmation and motions to dismiss in thirteen other chapter 13 cases before this court and nineteen cases before Judge Leonard. In support of each motion to dismiss, the trustee filed a virtually identical memorandum of law. The other two chapter 13 standing trustees in this district filed similar motions to dismiss in cases assigned to the third bankruptcy judge of the Eastern District of North Carolina, the Honorable J. Randy D. Doub. In a joint hearing on December 10, 2012, the three bankruptcy judges heard argument on the motions to dismiss and the responses in opposition. Each judge filed orders deciding the issues raised in their respective cases.

In In re Nicholas David Ballew, Judge Leonard denied the trustee's motion to dismiss, concluding that the term "applicable commitment period" only applies to debtors with projected disposable income and that, in cases where there is no projected disposable income, the payment of plan obligations in full in a period that is less than the applicable commitment period does not, without more, require recalculation of projected disposable income. This conclusion relied heavily on the decision In re Alexander, 344 B.R. 742 (Bankr. E.D.N.C. 2006), also issued by Judge Leonard, as well as the district court's decision in Musselman v. eCast Settlement Corp. (In re Musselman), 394 B.R. 801 (E.D.N.C. 2008). In agreement with the reasoning and ruling set forth in In re Nicholas David Ballew, this court also denied the trustee's motion to dismiss in the cases before it by incorporation of the reasoning and ruling in that order.

Judge Doub entered orders in his cases on January 14 and 15, 2013, which employed reasoning and statutory interpretation distinct from that in In re Nicholas David Ballew. See In re Pliler, No. 12-05844-8-RDD, 2013 WL 153846 (Bankr. E.D.N.C. Jan. 15, 2013); In re Barnes, No. 12-06613-8-RDD, 2013 WL 153848 (Bankr. E.D.N.C. Jan. 15, 2013); In re Tedder, No. 12-06232-

2

8-RDD, 2013 WL 145416 (Bankr. E.D.N.C. Jan. 14, 2013). The trustee filed a notice of appeal and request for certification for direct appeal in the instant case as well as two of Judge Leonard's cases, In re McLeod, Case No. 12-03158-8-JRL, and In re Ortega, Case No. 12-00315-8-JRL. Likewise, one of Judge Doub's opinions, In re Pliler, was appealed and a request for certification for direct appeal filed. On February 21, 2013, Judge Doub granted the request for certification of issue for direct appeal in In re Pliler.

Pursuant to Rule 8001(f) of the Federal Rules of Bankruptcy Procedure, the bankruptcy court, upon request of a party, may certify an order for direct appeal to a court of appeals provided that a circumstance specified in 28 U.S.C. § 158(d)(2)(A) exists. Fed. R. Bankr. P. 8001(f). Those circumstances are:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken[.]

28 U.S.C. § 158(d)(2)(A). Following certification by this court, the court of appeals must decide whether to authorize the direct appeal. Id.

On March 8, 2013, Judge Leonard entered an order regarding the trustee's request for certification. In re McLeod, Case No. 12-3158-8-JRL. Similar to Judge Leonard, this court finds that judicial economy requires certification of the issue directly to the United States Court of Appeals for the Fourth Circuit. Certification is warranted as the order involves a question of law requiring resolution of conflicting decisions. The court would be inclined to deny the trustee's request for certification because the Order Denying Motion to Dismiss, by incorporating Judge

3

Leonard's decision in In re Nicholas David Ballew, relied extensively on the district court's decision in Musselman. The district court would ordinarily be the proper venue for the instant appeal to provide that court with an opportunity to reconsider its own decision in Musselman. However, because of the order granting certification in In re Pliler, direct appeal should also be allowed in the instant case since the orders represent the Eastern District bankruptcy court's conflict on the issue.

Therefore, the trustee's request for certification of issue for appeal is **ALLOWED**. Should the court of appeals authorize direct appeal in In re Pliler, this court recommends that authorization of a direct appeal is likewise appropriate in the instant case. If the court of appeals declines to authorize direct appeal in In re Pliler, such authorization in the instant case should also be declined.

**SO ORDERED**.

**END OF DOCUMENT**